HOUGH v. CANFIELD.

(Supreme Court, Appellate Division, First Department. November 23, 1900.)

ACTION BY RECEIVER IN BANKRUPTCY—RIGHT TO PLACE CAUSE ON PREFERRED CALENDAR.

Code Civ. Proc. § 791, entitling to a preference on the calendar an action by "a receiver appointed by the court or trustee in bankruptcy," does not entitle a receiver in bankruptcy to place on the preferred calendar an action begun by him.

Appeal from trial term, New York county.

Action by Charles M. Hough, receiver, etc., against Richard A. Canfield. From an order granting plaintiff's motion to place the cause on the preferred calendar, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

J. Delahunty, for appellant.
A. Blumenstiel, for respondent.

PATTERSON, J. By the order appealed from in this cause a preference on the calendar of the court was given upon a motion made by the plaintiff. He claimed the right to the preference under the provisions of section 791 of the Code of Civil Procedure. It is provided, among other things, by the fifth subdivision of that section, that in any court an action or special proceeding in which an executor or an administrator or testamentary trustee, or an infant, or a trustee of a fund for the support and maintenance of an infant, or a receiver appointed by the court, or a trustee in bankruptcy is entitled to a preference. An action in which the plaintiff is a receiver in bankruptcy is not within those designated in the statute as entitled to a preference. The plaintiff alleges in his complaint that he is a temporary receiver of a bankrupt, and that by the order of the United States district court appointing him he is authorized to collect and receive into his possession outstanding accounts and debts due to the bankrupt. The "receiver appointed by the court," mentioned in the fifth subdivision of section 791 of the Code of Civil Procedure, is not one in bankruptcy. Prior to the amendment of section 791 by chapter 144 of the Laws of 1900, there was no provision in the statute by which an action to which a bankruptcy official was a party was entitled to a preference. The amendment of 1900 consists in the introduction in subdivision 5, after the words "or a receiver appointed by the court," of the words "or a trustee in bankruptcy." It is quite plain that the amendment of 1900 was intended to relate only to those who actually are trustees in bankruptcy,—those who have the general administration and distribution of the bankrupt estate; and we are not authorized to extend the requirement of the statute to a class of persons not in terms included within it.

We think the order was wrong, and should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.